UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES RISK MANAGEMENT, L.L.C., | CIVIL ACTION |
| VERSUS | NO. 11-2706 |
| U. S. RISK INSURANCE GROUP, INC. | SECTION "C" (5) |

ORDER AND REASONS

This matter comes before the Court on motion to transfer venue, dismiss or stay filed by the defendant, U.S. Risk Insurance Group, Inc. ("first-filed plaintiff") and the issue whether the Court should exercise its discretion to entertain this declaratory action. Having considered the record, the memoranda and the law, the Court has determined that transfer is appropriate for the following reasons.

This declaratory action was filed by United States Risk Management, L.L.C. ("second-filed plaintiff") seeking a declaration that its trademark and design do not infringe upon the trademark and design of the first-filed plaintiff. This complaint was filed one week after the first-filed plaintiff filed a complaint against the second-filed plaintiff in the United States District Court for the Northern District of Texas, Dallas Division, alleging that the second-filed plaintiff is infringing on its trademark. In this motion, the first-filed plaintiff herein seeks transfer to the Northern District of Texas under the "first-to-file rule." The second-filed plaintiff herein opposes transfer, arguing

1

that the Northern District of Texas is an improper venue under 28 U.S.C. § 1391(b) and that venue in this district is proper under 28 U.S.C. § 1404(a).

"The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). The first-to-file rule is a discretionary rule which allows for dismissal or transfer of a second case related to a first-filed case pending before a different federal court if the two cases "substantially overlap." *International Fidelity Insurance Co. v. Sweet Little Mexico Corp.*, ___ F.3d ___, 2011 WL 6413960 at *5 (5th Cir. 2011), quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). The rule is based on principles of comity and sound judicial administration and is designed "... to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Cadle*, 174 F.3d at 603. "The federal courts have long recognized the principle of comity requires federal district courts – courts of coordinate jurisdiction and equal rank – to exercise care to avoid interference with each other's affairs." *Save Power*, 121 F.3d at 950, quoting *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985).

> The first-to-file rule ... is essentially a forward-looking doctrine. Courts use this rule to maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case pending in another court.

*Cadle,* 174 F.3d at 604. The first to file rule applies "in the absence of compelling circumstances." *Dillard v. Merrill Lynch,* 961 F.2d 1148, 1161 (5th Cir. 1992).

"Exceptions to the first-filed rule apply when the Section 1404(a) factors weigh in favor of giving priority to the second action." 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Fed. Practice & Procedure* § 3854 (3d ed. 2007). Section 1404(a) states the rule for determining the propriety of transfer to another district for the convenience of the parties.[1] Convenience is determined by private and public interest factors, none of which are given dispositive weight. *Volkswagen AG*, 371 F.3d 201,203 (5th Cir. 2004).

> The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. ... The public concerns include: (1) the administrative difficulties flowing f rom court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*Id.*

Here, there is no dispute that the two federal suits present the same issues between the same parties. The second-filed plaintiff in this action presents no persuasive argument for ignoring the first-to-file rule. The plaintiff in the first-filed suit has its principal place

---

[1] Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

of business in Dallas. This second-filed suit is a discretionary declaratory action.[2] This second-filed plaintiff's argument that a Texas forum is improper under § 1391 is belied, for present purposes, by the fact that it is registered to do business in Texas, with a Texas business address and registered office address, and has appointed the Secretary of State of Texas as its agent for service of process. Rec. Doc. 6-3 at 7. This Court finds that, except for the corporate presence of the second-filed plaintiff in this district, the weight of the Section 1404(a) factors do not weigh in favor of overriding the first-to-file rule.

Accordingly,

IT IS ORDERED that the motion to transfer venue, dismiss or stay filed by the defendant, U.S. Risk Insurance Group, Inc. is PARTIALLY GRANTED as to transfer and PARTIALLY DENIED in all other respects. This matter is hereby TRANSFERRED to the United States District Court for the Northern District of Texas, Dallas Division.

New Orleans, Louisiana, this 25th day of January, 2012.

                                                  HELEN G. BERRIGAN
                                                UNITED STATES DISTRICT JUDGE

---

[2] The Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a) provides that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... <u>may</u> declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." (Emphasis added).